IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TONY RAY COBBS, SR., | ) | |
| | ) | 4:11CV00011 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| BOTTLING GROUP, LLC, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is Defendant Bottling Group, LLC's Motion to Dismiss or, in the Alternative,

for Summary Judgment. Mot. to Dismiss, May 6, 2011, ECF No. 6. The Clerk's Office sent a

Roseboro Notice to Tony Ray Cobbs, Sr., the pro se Plaintiff. Roseboro Notice, May 9, 2011,

ECF No. 8. Both parties having briefed their respective positions on the Motion, the Court held

a hearing on July 12th, 2011. After careful consideration, the Court **DENIES** the Defendant's

Motion to Dismiss because, as explained below, the Plaintiff's claims are not res judicata.

## **FACTS**

On January 12th, 2011 the Plaintiff, Tony Ray Cobbs, Sr., filed a Motion for Leave to

Proceed in Forma Pauperis and a Proposed Complaint against Pepsi Bottling Group.[1] Mot. for

Leave to Proceed in Forma Pauperis I, Cobbs v. Pepsi Bottling Grp., No. 4:11-cv-3 (W.D.Va.

Jan. 12, 2011), ECF No. 1; Proposed Compl. I, Cobbs v. Pepsi Bottling Grp., No. 4:11-cv-3

(W.D.Va. Jan. 12, 2011), ECF No. 3. Excluding the two sentences constituting the ad damnum

clause and the jury demand, the Plaintiff's Proposed Complaint, in its entirety, read as follows:

> The filing of this is due to employment discrimination in violation of Title VII
> of the Civil Rights Act of 1964. I was also retaliated against for calling
> company hot line report the incident in early Nov. 2007, in forms of false
> write-ups job threatening meeting, which led to termination in June, 2008.

---

[1] The Plaintiff incorrectly named Pepsi Bottling Group as the Defendant. The Defendant is actually Bottling Group,
LLC. Def.'s Br. in Supp. 1, May 6, 2011, ECF No. 7.

Proposed Compl. I 1.  In light of the clearly deficient Proposed Complaint, the Court denied the

Plaintiff's Motion for Leave to Proceed in Forma Pauperis, commenting that "[t]he Complaint

was reviewed pursuant to 28 U.S.C. § 1915(c)(2)[2] and the court finds that it fails to state a

claim."  Order Denying Mot. to Proceed in Forma Pauperis I, <u>Cobbs v. Pepsi Bottling Grp.</u>, No.

4:11-cv-3 (W.D.Va. Jan. 13, 2011), ECF No. 2.  The Clerk's Office subsequently contacted the

Plaintiff and informed him that his case could proceed only if he paid the filing fee within

fourteen days, which he did not, prompting the termination of his case on January 28th, 2011.

A few days later, on February 2nd, 2011, the Plaintiff filed a second Motion for Leave to

Proceed in Forma Pauperis and a second Proposed Complaint.  Mot. for Leave to Proceed in

Forma Pauperis II, <u>Cobbs v. Pepsi Bottling Grp. II</u>, No. 4:11-cv-6 (W.D.Va. Feb. 2, 2011), ECF

No. 1; Proposed Compl. II, <u>Cobbs v. Pepsi Bottling Grp. II</u>, No. 4:11-cv-6 (W.D.Va. Feb. 2,

2011), ECF No. 2.  That second Proposed Complaint was a little more factually fleshed out than

the first, but contained neither a right to sue letter nor any allegations regarding the exhaustion of

administrative remedies.  <u>See</u> <u>Davis v. North Carolina Dep't of Corr.</u>, 48 F.3d 134, 138-39 (4th

Cir. 1995) (the right to sue letter "is essential to initiation of a private Title VII suit in federal

court").  Because the Plaintiff failed to attach his right to sue letter and did not include any

information about when he received that letter in this second Proposed Complaint, the Court

again denied him leave to proceed in forma pauperis.  Order Denying Mot. to Proceed in Forma

Pauperis II, <u>Cobbs v. Pepsi Bottling Grp. II</u>, No. 4:11-cv-6 (W.D.Va. Feb. 3, 2011), ECF No. 3.

This second case was terminated for failure to pay the filing fee on February 18th, 2011.

One month later the Plaintiff filed a third Motion for Leave to Proceed in Forma Pauperis

and a Proposed Complaint.  Mot. for Leave to Proceed in Forma Pauperis III, Mar. 18, 2011,

---

[2] Although the Order reads "28 U.S.C. § 1915(c)(2)," this Court's denial of in forma pauperis status based on the
Proposed Complaint's failure to state a claim was in fact a denial under 28 U.S.C. § 1915(e)(2).

ECF No. 1; Compl., Mar. 18, 2011, ECF No. 3.  On this third attempt, the Court granted the

Plaintiff leave to file his Complaint in forma pauperis.  Order Granting Mot. to Proceed in Forma

Pauperis, Mar. 21, 2011, ECF No. 2.  This time the Plaintiff included his right to sue letter,

which was mailed to him on December 21st, 2010.  Compl. Ex. A, Mar. 18, 2011, ECF No. 3-1.

He also filled out the standard Title VII complaint form given out by the Clerk's Office in the

Western District of Virginia.  Compl. 1-5.

        This third Complaint stems from the same set of facts as the first two and seeks the same

relief against the same Defendant.  Each of the three Complaints seeks redress under Title VII

for employment discrimination which culminated in the Plaintiff's termination in June 2008.

Compare Proposed Compl. I 1 and Proposed Compl. II 1 with Compl. 1, 6.  The second and third

Complaints reveal that by "employment discrimination" the Plaintiff means disparate discipline.

Proposed Compl. II 1; Compl. 6.  Specifically, the Plaintiff alleges that he received a written

reprimand in November 2007 for using his personal vehicle to drive his routes for work, whereas

a non-minority employee was not similarly disciplined.  Proposed Compl. II 1; Compl. 6.  The

first Proposed Complaint also appears to make reference, albeit a cryptic one, to the November

2007 incident.  Proposed Compl. I 1 (mentioning that the Plaintiff reported an unspecified

incident in November 2007).  The three pleadings also allege illegal retaliation in the wake of the

Plaintiff availing himself of the Defendant company's grievance process in November 2007.

Proposed Compl. I 1; Proposed Compl. II 1; Compl. 3, 7.  Finally, all three suits name "Pepsi

Bottling Group" as the sole Defendant.  Compare Proposed Compl. I 1 and Proposed Compl. II 1

with Compl. 1.

        On May 6th, 2011 the Defendant filed a Motion to Dismiss or, in the Alternative, for

Summary Judgment.  The main argument that the Defendant presents in its supporting brief is

that this matter is res judicata and should therefore be dismissed. Def.'s Br. in Supp. 10-11, May

6, 2011, ECF No. 7. A few days later, on May 17th, the Plaintiff filed a Response in which he

indicated that when he filed his first two Complaints he was not aware that he was supposed to

file his right to sue letter, too. Pl.'s Resp. 1, May 17, 2011, ECF No. 13. He points out that the

Court denied his second in forma pauperis status motion because it was unaware that he was still

within the ninety day window during which he could file suit. Pl.'s Resp. 2. As to the denial of

his first application to proceed in forma pauperis, the Plaintiff simply avers that he thought his

first Proposed Complaint would be sufficient. Id. On June 8th the Defendant submitted a short

Reply brief in which it simply noted that the Plaintiff's Response offered nothing to avoid the res

judicata argument. Def.'s Reply 1-2, June 8, 2011, ECF No. 17. A few days later, the Plaintiff

submitted a second Response brief, which the Court struck pursuant to W.D.Va. Civ. R. 11(c)(1).

See Order Striking Second Response, June 16, 2011, ECF No. 19. On July 12th, 2011, both

parties appeared before the Court for a hearing on the Defendant's Motion.

## APPLICABLE LAW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a

plaintiff's claim. Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th

Cir. 2009). On a motion to dismiss, the Court should construe the complaint liberally,

"accept[ing] all well-pled facts as true and constru[ing] these facts in the light most favorable to

the plaintiff." Nemet Chevrolet, Ltd., 591 F.3d at 255. The Court need not, however, give any

weight to the plaintiff's legal conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007). It has been noted that Fed. R. Civ. P. 12(b)(6) does not stand alone, but implicates Fed.

R. Civ. P. 8 and 9, "as well as the larger design of the Federal Rules," to form the pleading

requirements. U.S. ex rel. Lemmon v. Envirocare of Utah, Inc., 614 F.3d 1163, 1171 (10th Cir.

2010); Teachers' Retirement Sys. of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (for the

quote). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citing references

and quotation marks omitted). A plaintiff must meet his pleading requirement for each element

of each claim. Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008); Jordan v. Alt.

Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is limited

to considering the complaint itself, exhibits attached to the complaint, documents that the

complaint incorporates by reference (as long as they are authentic and integral to the complaint),

and those matters of which the Court may take judicial notice. Philips v. Pitt County Memorial

Hosp., 572 F.3d 176, 180 (4th Cir. 2009). If the Court considers any evidence beyond the

aforementioned materials, the motion must be converted to a motion for summary judgment.

Pueschel v. U.S., 369 F.3d 345, 354 fn.3 (4th Cir. 2004). The rationale for this is simple—

Complaints challenged under Fed. R. Civ. P. 12(b)(6) are not to be weighed by an evidentiary

measure. Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009). See also Smith v.

Frye, 488 F.3d 263, 274 (4th Cir. 2007) ("[a] 12(b)(6) motion does not resolve contests

surrounding the facts or the merits of a claim") (internal citing references and quotation marks

omitted) (Motz, J., concurring). Should the Court choose to convert the motion, it must ensure

that all parties are on notice of the potential conversion, especially where one of the litigants is

proceeding pro se.  <u>Onan v. Cnty. of Roanoke</u>, No. 94-1770, 1995 WL 234290, at *3 (4th Cir.

Apr. 21, 1995); <u>Davis v. Zahradnick</u>, 600 F.2d 458, 460 (4th Cir. 1979).  A motion captioned

"Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" has been held

sufficient to give the requisite notice.  <u>Laughlin v. Metro. Washington Airports Auth.</u>, 149 F.3d

253, 260 (4th Cir. 1998).

Although "[a] 12(b)(6) motion does not resolve contests surrounding the facts or the

merits of a claim," a court's dismissal of a claim with prejudice "is normally an adjudication on

the merits for purposes of res judicata."  <u>Compare</u> <u>Smith</u>, 488 F.3d at 274 <u>with</u> <u>Dolgaleva v.

Virginia Beach City Pub. Schs.</u>, 364 Fed.Appx. 820, 826 n.5 (4th Cir. 2010) <u>and</u> <u>Harrison v.

Edison Bros. Apparel Stores, Inc.</u>, 924 F.2d 530, 534 (4th Cir. 1991).  A motion to dismiss is the

proper vehicle by which a defendant may assert that the plaintiff's claim is res judicata.

<u>Andrews v. Daw</u>, 201 F.3d 521, 524 n.1 (4th Cir. 2000).  In order for claim preclusion to apply,

"there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of

action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two

suits."  <u>Martin v. Am. Bancorporation Ret. Plan</u>, 407 F.3d 643, 650 (4th Cir. 2007) (citing

reference omitted).

## ANALYSIS

The sole ground on which the Defendant moves for dismissal is that the Plaintiff's claim

is res judicata.  Def.'s Br. in Supp. 7-11.  Indeed, a number of courts have held that the dismissal

of a plaintiff's lawsuit under 28 U.S.C. § 1915(e)(2)(B) precludes that plaintiff from filing future

suits in forma pauperis where there is an identity of claims and parties.  <u>Denton v. Hernandez</u>,

504 U.S. 25, 34 (1992) (dismissal for frivolousness under a prior version of the statute

"could…have a res judicata effect on frivolousness determinations for future in forma pauperis

actions") (italic type omitted); Porter v. Cancelmi, 318 Fed.Appx. 48, 50 n.2 (3d Cir. 2008), cert.

denied, 129 S.Ct. 1337 (2009); Murray v. Reed, 69 Fed.Appx. 246, 247 (6th Cir. 2003);

Cieszkowska v. Gray Line New York, 295 F.3d 204, 206 (2d Cir. 2002); Brown v. Briscoe, 998

F.2d 201, 204 (4th Cir. 1993) (so implying).  The Eleventh Circuit, albeit in an unpublished

opinion, went one step further and held that a fee-paid suit was res judicata where the same

plaintiff filed a previous complaint in forma pauperis asserting the same claims against the same

parties and the court dismissed that complaint sua sponte under its discretionary power.  Harmon

v. Webster, 263 Fed.Appx. 844, 845-46 (11th Cir. 2008), cert. denied, 129 S.Ct. 1336.  See also

Donelson v. Prado, No. 09 C 6227, 2011 WL 941233, at *6 (N.D.Ill. Mar. 16, 2011) (dismissal

of a prisoner's suit during the court's merits review, which the District Court noted is the same

standard as under 28 U.S.C. § 1915(e)(2), is a final judgment on the merits for res judicata

purposes).  In the case at bar, there is no question that this same Plaintiff has tried on two

previous occasions to file this very same suit against the same Defendant.  Both times this Court

reviewed the Proposed Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and denied in forma

pauperis status, the first time because the Proposed Complaint failed to state a claim and the

second time because the suit was apparently time barred.[3]

Although the case currently before this Court may, at first glance, seem nearly identical

to the in forma pauperis res judicata cases cited above, it is different in one crucial regard.  In

Porter, Cieszkowska, Harmon, and Brown, the District Courts granted the plaintiffs' motions to

proceed in forma pauperis before dismissing their complaints for frivolity or failure to state a

---

[3] Upon receiving the right to sue letter with the third Complaint, the Court discovered that the suit was not actually time barred.  It is incumbent upon a Title VII plaintiff, however, to provide his right to sue letter with his complaint or at least an allegation therein that he has timely acted upon his right to sue letter.  Davis, 48 F.3d at 138-39; United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

claim.[4]  Porter, 318 Fed.Appx. at 49l; Cieszkowska v. Grayline New York, No. 01 Civ. 0128,

2001 WL 1131990, at *1-2 (S.D.N.Y. Sept. 24, 2001), aff'd per curiam, 31 Fed.Appx. 46

(referenced in Cieszkowska, 295 F.3d at 205); Order Granting Mot. for Leave to Proceed in

Forma Pauperis, Harmon v. Webster et al., 4:06-cv-90 (N.D.Fla. Mar. 13, 2006), ECF No. 5

(referenced in Harmon v. Barfield, 1:07-cv-38, 2007 WL 1746910, at *1 (N.D.Fla. June 15,

2007), aff'd, 263 Fed.Appx 844); Brown, 998 F.2d at 202.  See also Salcedo v. Rossotti, 636

F.Supp.2d 35, 39 (D.D.C. 2009) (distinguishing the situation where a court denies in forma

pauperis status outright in a prior case from the situation where a court grants in forma pauperis

status and dismisses the prior case and expressing trepidation about considering a claim res

judicata in the former instance).  In this case, this Court did not *dismiss* the Plaintiff's two prior

claims, rather the Court simply *denied this Plaintiff in forma pauperis status* because of his

woefully inadequate pleadings.

   Although the Fourth Circuit has noted that "the meritorious character of the claim" is

among the limited considerations for the District Court when deciding whether or not to grant in

forma pauperis status,[5] this does not mean that the outright denial of pauper status is a resolution

on the merits for the purposes of res judicata.  See In re Sindram, 498 U.S. 177, 179-80 (1991)

(although under Sup. Ct. R. 39 governing in forma pauperis proceedings before the U.S.

---

[4] This information was not apparent from the opinions in Murray and Donelson and was not otherwise available.
[5] The other two are poverty and good faith.  Clarke, 402 Fed.Appx. at 766.  In some circuits, the only issue before the District Court in deciding whether to grant a motion to proceed in forma pauperis is whether the movant's financial situation makes him eligible for pauper status.  Schneller v. Able Home Care, Inc., 389 Fed.Appx. 90, 92 (3d Cir. 2010).  The Third Circuit, in particular, has emphatically admonished its District Courts that they must not look to the merits of the proposed complaint when considering whether to grant pauper status to a plaintiff.  Id.; Douris v. Huff, 260 Fed.Appx. 441, 442-43 (3d Cir. 2008); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  It is only after the District Judge sitting in a Third Circuit jurisdiction grants the request to proceed in forma pauperis that he may dismiss the complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B).  Douris, 260 Fed.Appx. at 442-43.  Such a system avoids the morass presented by the issue in the case at bar—whether the outright denial of pauper status for failure to state a claim, as opposed to sua sponte dismissal of the complaint itself for the same reason, amounts to a decision on the merits that raises the res judicata bar.  The Third Circuit's approach makes it clear that the denial of a motion to proceed in forma pauperis is not a ruling on the merits of the complaint.  Schneller, 389 Fed.Appx. at 92 ("[w]hen a district court denies leave to proceed IFP…the complaint is not before the Court").

Supreme Court, the Court distinguished its consideration of whether pauper status was appropriate for a frivolous case from a decision on the merits); Clarke v. Richmond Behavioral Health Auth., 402 Fed.Appx. 764, 766 (4th Cir. 2010) (listing the considerations before the district courts when considering a request to proceed in forma pauperis).  The denial of in forma pauperis status does not prevent a plaintiff from paying the fee and filing his complaint.[6]  O'Neal v. Price, 531 F.3d 1146, 1157 (9th Cir. 2008) (Thomas, J., concurring in part and dissenting in part); Billman v. Indiana Dept. of Corrs., 56 F.3d 785, 787 (7th Cir. 1995) (Posner, C.J.).  If the denial of a request to proceed in forma pauperis were truly a ruling on the merits of the proposed complaint for res judicata purposes, that plaintiff would not be permitted to file that same complaint anyway, regardless of whether he paid the filing fee.  By contrast, when the Court grants in forma pauperis status to a plaintiff and then dismisses his complaint with prejudice sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), the plaintiff cannot re-file that same claim against that same defendant.  See Dolgaleva, 364 Fed.Appx. at 826 n.5 (a dismissal with prejudice is normally a ruling on the merits for the purposes of res judicata); McLean v. U.S., 566 F.3d 391, 400-01 (4th Cir. 2009) (although an unfavored practice unless the District Court has given the pro se plaintiff an opportunity to amend, dismissal with prejudice is appropriate where the complaint's "deficiencies are truly incurable," even when the plaintiff is proceeding pro se and in forma pauperis).  This is not an extraordinary holding, but merely a statement of the obvious— denial of in forma pauperis status is different from dismissal.  See O'Neal, 531 F.3d at 1156 ("Just as a cat is not a dog, a simple "application" to have filing fees waived does not constitute a formal civil "action" in federal court.  Thus, the denial of an application to proceed in forma pauperis does not constitute a dismissal of the underlying action.") (Thomas, J., concurring in

---

[6] This Court customarily gives plaintiffs whose requests to proceed in forma pauperis have been denied fourteen days to pay the filing fee.  If the plaintiff pays the fee, his complaint will be considered on its merits if and when the defendant files a motion to dismiss or for summary judgment.

part and dissenting in part).  While dismissal may raise the res judicata bar for future complaints raising the same claim against the same defendant, a mere denial of in forma pauperis status cannot.  Because the latter occurred in this case, the Plaintiff's claims are not res judicata.

## CONCLUSION

Because the Plaintiff's claims are not res judicata, the Court **DENIES** the Defendant's Motion to Dismiss.

Entered this 15th day of July, 2011.


s/Jackson L. Kiser
Senior United States District Judge